**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50389
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEMAN DEVONT CALDWELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:00-CR-284-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keman Devont Caldwell, federal prisoner # 15039-180, pleaded guilty to distribution of less than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Caldwell was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 to 151 months of imprisonment. Caldwell appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 706 that modified the sentencing ranges applicable to crack cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

This court reviews for an abuse of discretion the district court's decision whether to reduce a sentence under § 3582(c)(2). *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1995); *see United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). A reduction in Caldwell's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range of imprisonment because the guidelines range was calculated under § 4B1.1. Because Caldwell's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, Caldwell was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Accordingly, under the plain language of § 3582(c)(2), a sentence reduction was not authorized and not consistent with the applicable policy statement. *See* U.S.S.G. § 1B1.10(a), p.s. To the extent that Caldwell argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in light of *United States v. Booker*, 543 U.S. 220 (2005), the argument is unavailing because *Booker* was not "based on a retroactive amendment to the Guidelines." *See Shaw*, 30 F.3d at 29. The district court did not abuse its discretion in denying Caldwell's motion for a reduction of sentence.

AFFIRMED.