**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10628
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTHUR JARROD JACKSON, also known as Arthur J King

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-499-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arthur Jarrod Jackson, federal prisoner # 24173-077, was convicted by a jury of possession with intent to distribute cocaine base; using or carrying a firearm during and in relation to a drug-trafficking crime and aiding and abetting; and being a felon in possession of a firearm. He appeals the district court's denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendments 706 and 711 of the Sentencing Guidelines,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which lowered the applicable offense level for crack cocaine offenses. The district court held that, because Jackson's total offense level was calculated under U.S.S.G. § 4B1.1(b), and not U.S.S.G. § 2D1.1, Amendments 706 and 711 did not lower his sentencing range, and therefore Jackson did not qualify for a sentence reduction.

Section 3582(c)(2) provides, in relevant part, that a district court "may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and this court reviews the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Jackson argues that he is entitled to a sentence reduction even though he was sentenced as a career offender because the Guidelines are no longer mandatory. He argues that the district court erred in not ordering a new presentence report (PSR), holding a new sentencing hearing, and resentencing him under the advisory Guidelines and *United States v. Booker*, 543 U.S. 220 (2005). He argues that the original PSR incorrectly alleged that his offense involved a greater drug quantity than alleged in the indictment; he argues that the actual statutory maximum sentence for count one was 20 years and the statutory maximum sentence for count two was five years, resulting in a total maximum sentence of 25 years. He also argues that because his offense involved cocaine in freebase form or cocaine cut with benzocaine, his sentence should have been based on the powder cocaine guideline provision. He argues that the district court erred in sentencing him as a career offender.

Jackson has also filed a motion for permission to file a supplemental brief, in which he argues that his conviction for using and carrying a firearm during a drug trafficking crime should be vacated in view of *Bailey v. United States*, 516

U.S. 137 (1995). Jackson's motion for permission to file a supplemental brief is granted.

The district court's denial of Jackson's motion is supported by the plain language of 3582(c)(2). A reduction in Jackson's base offense level under § 2D1.1 pursuant to Amendments 706 and 711 would not affect his guideline range because the range was calculated under § 4B1.1. Because Jackson's guideline range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and a reduction is not permitted. *See* § 3582(c)(2). Further, to the extent Jackson argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in light of *Booker*, the argument is unavailing because *Booker* was not based on a retroactive amendment to the Guidelines. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). To the extent that Jackson raises arguments that do not relate to a Guideline amendment that has lowered Jackson's applicable guidelines range, § 3582 is not the appropriate vehicle to raise it. *See id.*; *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) ("Section [28 U.S.C.] 2255 is the primary means of collaterally attacking a federal sentence."). The district court did not abuse its discretion by denying a sentence reduction. *See Boe*, 117 F.3d at 831. Accordingly, the judgment of the district court is affirmed.

MOTION GRANTED; AFFIRMED.