# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-30636
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN EUGENE CHAPPELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-30013-3

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marvin Eugene Chappell, federal prisoner # 11775-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Chappell argues that the district court abused its discretion by denying his motion because he would not be considered a career offender under U.S.S.G. § 4B1.1 if he were resentenced now because his prior conviction for delivery of a controlled substance is no longer considered a predicate felony under § 4B1.1. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintains that the failure of the district court to acknowledge the current state of the law in the present § 3582(c)(2) proceeding continued the unconstitutional effect of the mandatory guidelines under which he was sentenced.  He asserts that *United States v. Booker*, 543 U.S. 220 (2005), should apply in § 3582(c)(2) proceedings, allowing the district court to recalculate the guidelines sentence range and then determine an appropriate sentence based upon the factors set forth in 18 U.S.C. § 3553(a).  Chappell acknowledges that his argument is foreclosed, but he raises it to preserve it for further review.  As an alternative to his contention that he would no longer be considered a career offender, Chappell contends that he is eligible for relief because, even as a career offender, the offense level under § 4B1.1 was compared to the offense level under U.S.S.G. § 2D1.1 that has been lowered by the crack cocaine amendments, and therefore his sentence, in the language of § 3582(c)(2), is "based on a sentencing range that has subsequently been lowered."  Chappell acknowledges that this argument is also foreclosed, and he raises it to preserve it for further review.

Chappell may not use a § 3582(c)(2) motion to relitigate whether he is a career offender under § 4B1.1.  *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).  As Chappell acknowledges, his assertion that *Booker* should apply to § 3582(c)(2) proceedings is foreclosed.  *See United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  Further, the district court did not abuse its discretion by denying relief because "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

AFFIRMED.