# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-30704
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOB CHARLES BLACK, also known as Jacob Carter,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:01-CR-20121-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jacob Charles Black, federal prisoner # 13500-179, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. He argues that the district court erred and abused its discretion by denying his motion because he would not be considered a career offender under U.S.S.G. § 4B1.1 if he were resentenced now because his prior conviction for delivery of a controlled substance is no longer considered a predicate felony under § 4B1.1. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that *United States v. Booker*, 543 U.S. 220 (2005), should apply in § 3582(c)(2) proceedings, allowing the district court to recalculate the guidelines range and to determine an appropriate sentence based upon the factors set forth in 18 U.S.C. § 3553(a). Black acknowledges that his argument is foreclosed, but he raises it to preserve it for further review. He also argues that he is eligible for relief because, in the determination that he should be sentenced as a career offender, the offense level under § 4B1.1 was compared to the offense level under U.S.S.G. § 2D1.1, and therefore his sentence is based on a sentencing range that has subsequently been lowered within the meaning of § 3582(c)(2).

Black may not use a § 3582(c)(2) motion to relitigate whether he is a career offender under § 4B1.1. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). As he acknowledges, his assertion that *Booker* should apply to § 3582(c)(2) proceedings is foreclosed. *See United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Further, the district court did not abuse its discretion by denying relief because "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

AFFIRMED.