**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Timothy FLAKES, Jr., Defendant–
Appellant.**

No. 10–30015
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Betty Lee Marak, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Shreveport, LA, for Defendant–Appellant.

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Timothy Flakes, Jr., federal prisoner # 13246–035, appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the crack cocaine Guideline. He argues that, notwithstanding his status as a career offender, the district court should have the authority pursuant to § 3582(c)(2), in this post-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), era

of advisory Guidelines, to reduce his sentence based on its consideration of the 18 U.S.C. § 3553(a) factors. Flakes also argues that his career offender status did not preclude the district court from reducing his sentence because his offense level under U.S.S.G. § 2D1.1 was a necessary starting point in the calculation of his guidelines range, and the career offender Guideline requires a comparison between it and the offense level provided by U.S.S.G. § 4B1.1(b).

As Flakes acknowledges, his arguments are foreclosed by circuit precedent. *See United States v. Anderson*, 591 F.3d 789, 790–91 (5th Cir.2009); *United States v. Doublin*, 572 F.3d 235, 236–39 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 517, 175 L.Ed.2d 366 (2009); *see also Dillon v. United States*, —— U.S. ——, —— – ——, 130 S.Ct. 2683, 2691–94, 177 L.Ed.2d 271 (2010). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.