# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-50933
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE TERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:03-CR-95-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bruce Terry, federal prisoner # 27254-180, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion. He was convicted of conspiracy to distribute crack cocaine within 1000 feet of a park and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 188 months of imprisonment. By moving to proceed IFP, Terry is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50933

On appeal, Terry argues that he was entitled to a sentence reduction despite the fact that he was sentenced as a career offender. He asserts that the district court should have considered his prison disciplinary record and reduced his sentence on this basis. He also contends that the holding of *United States v. Booker*, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings.

Terry's guidelines imprisonment range was not derived from the quantity of crack cocaine involved in the offense but rather from his status as a career offender. Therefore, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009). The Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings).

Terry has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. His motion for the appointment of counsel is also DENIED.