**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50700
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN JEROME MEDLOCK, also known as Kevin Medlock

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-17-2

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Jerome Medlock, federal prisoner # 35987-180, pleaded guilty in 2004 to possession with the intent to distribute five grams or more of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and was sentenced to a 130-month term of imprisonment. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. We review the denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Medlock's argument that the district court should be able to exercise discretion under *United States v. Booker*, 543 U.S. 220 (2005), to resentence him relies on the false premise that § 3582 applies to his situation. "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon *a sentencing range that has subsequently been lowered by an amendment to the Guidelines*, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (emphasis added). Section 3582(c)(2) does not apply to Medlock because his sentencing range has not subsequently been lowered by an amendment to the Guidelines. Amendment 706 reduced the base offense levels set forth in U.S.S.G. § 2D1.1(c) applicable to most crack cocaine offenses. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). A reduction in Medlock's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range because his base offense level and concomitant range was calculated under § 4B1.1, the career offender guideline. Because Medlock's guidelines range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2).

The district court did not abuse its discretion in denying Medlock's motion for a reduction of sentence. The district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED as moot. Medlock's motion to proceed in forma pauperis is DENIED.