# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41314
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY LEROY ANDERSON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Anthony Leroy Anderson appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c).  We affirm.

## I.

Anderson pleaded guilty to conspiracy to possess with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846.  As a sentencing default, district courts use § 2D1.1 of the Sentencing Guidelines to set the base offense level for drug criminals.[1]  The

---

[1]*See* U.S.S.G. § 2D1.1.

greater the quantity of drugs, the higher the base level[2] – and, in turn, the longer the term of imprisonment.

Career offenders, though, may instead fall under § 4B1.1 of the Guidelines, which can impose a lengthier sentence on recidivists.[3] Specifically, if the base level calculated under the career offender provision exceeds the base level calculated under the general drug crimes provision, then the career offender base level prevails. The base level calculation under the career offender provision does not depend on the amount of drugs involved in the offense. Rather, the base offense level is moored to the statutory maximum penalty of the underlying crime.[4]

In 2003, the district court sentenced Anderson as a career offender under § 4B1.1 to 147 months in prison. The court had calculated Anderson's base level under the general drug guideline § 2D1.1 as 28 – and his base level under the career offender guideline § 4B1.1 as 34. Because the career offender base level exceeded the general base level, the career offender sentencing range governed.

Five years later, Anderson filed a motion under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence – on the idea that a retroactive sentencing amendment applied to his conviction involving crack cocaine. Specifically, the United States Sentencing Commission – though Amendment 706 – reduced the

---

[2]*See* U.S.S.G. § 2D1.1(c).

[3]"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[4]*See* U.S.S.G. § 4B1.1(b).

applicable base levels under § 2D1.1 for crack cocaine offenses.[5] Anderson argued that his base level under § 2D1.1 would have been 26 – not 28. He conceded, however, that his base level under § 4B1.1 would not change. The district court summarily denied Anderson's motion.

## II.

## A.

Anderson urges that the district court abused its discretion by not reducing his sentence.[6] He points to U.S.S.G. § 1B1.10, which states: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[7] Because Amendment 706 lowered the guideline range applicable to crack cocaine offenders – and because Anderson pleaded guilty to a crack cocaine violation – he contends that he deserves a reduced sentence.

The district court, however, had not during sentencing applied the crack cocaine guideline range to Anderson. Instead, the court had calculated Anderson's guideline range pursuant to his career offender status. The sentence did not derive from the amount of crack cocaine involved in his offense. The

---

[5]"The Sentencing Commission amended the guidelines applicable to cocaine base (i.e., crack cocaine) offenses by raising the quantity required to trigger each base offense level, effectively lowering each respective sentencing range. . . . That amendment was then made retroactive by a subsequent amendment to the guidelines." *United States v. Evans*, 2009 WL 3647042, *1 n.1; 2009 U.S. App. LEXIS 24399, *2 n.1 (5th Cir. 2009).

[6]*See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997) ("[W]e note that the decision whether to reduce a sentence is left to the sound discretion of the trial court. Thus, we review for abuse of discretion only.").

[7]U.S.S.G. § 1B1.10(a)(1).

district court, consequently, did not abuse its discretion in denying Anderson's motion for resentencing, because he "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission."[8]

The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders. We note that – although this court has never published a binding decision on the issue – this year we have uniformly rejected arguments identical to Anderson's in at least 10 persuasive unpublished decisions.[9] The claim has no merit in either law or logic.

## B.

Anderson quizzically asserts – in the alternative – that the district court erred by treating U.S.S.G. § 1B1.10 as mandatory. Section 1B1.10 states that "the court shall not reduce the . . . term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."[10] He claims that this provision violates *Booker*, which held the sentencing guidelines to be advisory.[11]

---

[8]*United States v. Jones*, 328 F. App'x 916, 918 (5th Cir. 2009) (unpublished).

[9]*See United States v. Tatum*, 2009 WL 3241526; 2009 U.S. App. LEXIS 22381 (5th Cir. 2009) (unpublished); *United States v. Jackson*, 335 F. App'x 508 (5th Cir. 2009) (unpublished); *United States v. Medlock*, 335 F. App'x 430 (5th Cir. 2009) (unpublished); *United States v. Haynes*, 335 F. App'x 420 (5th Cir. 2009) (unpublished); *United States v. Bradford*, 334 F. App'x 626 (5th Cir. 2009) (unpublished); *United States v. Bolden*, 2009 WL 577719; 2009 U.S. App. LEXIS 4580 (5th Cir. 2009) (unpublished); *United States v. Caldwell*, 325 F. App'x 383 (5th Cir. 2009) (unpublished); *United States v. Ingram*, 325 F. App'x 382 (5th Cir. 2009) (unpublished); *United States v. Jones*, 328 F. App'x 916 (5th Cir. 2009) (unpublished); *United States v. Woods*, 321 F. App'x 344 (5th Cir. 2009) (unpublished).

[10]U.S.S.G. § 1B1.10(b)(2)(A).

[11]*See United States v. Booker*, 543 U.S. 220 (2005). Anderson – at least tangentially – raised his *Booker* argument in the district court. *See* Docket No. 37 at 11 n.7.

It is unclear, as a threshold matter, that the district court relied on § 1B1.10, because no "amended guideline range" applies to Anderson. Regardless, Anderson's "argument is foreclosed by *United States v. Doublin* . . . in which we joined the nearly unanimous position of our sister circuits in holding that *Booker* does not alter the mandatory character of . . . § 1B1.10's limitations on sentence reductions. Thus, a district court cannot reduce a sentence below the minimum provided in the amended guideline range."[12]

## C.

Lastly, Anderson urges that U.S.S.G. § 1B1.10's mandatory nature violates the separation of powers doctrine. Anderson did not present this argument to the district court, but tries to escape plain error review by arguing that he never had a chance to object to the district court's summary denial.

Again, it is unclear how § 1B1.10 bears on this case in which no "amended guideline range" applies to Anderson. Notwithstanding this threshold impediment, circuit precedent would foreclose Anderson's entire argument – including that plain error should not attach. In *United States v. Evans*, the prisoner made the exact same separation of powers sentencing appeal as Anderson does here.[13] The prisoner in *Evans*, too, tried to avoid plain error review by suggesting that he had had no opportunity to object to the district court's summary denial of his § 3582(c)(2) motion.[14] This court found the

---

[12]*United States v. Evans*, 2009 WL 3647042, *1; 2009 U.S. App. LEXIS 24399, *4 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009)) (internal quotation marks and citations omitted).

[13]*See United States v. Evans*, 2009 WL 3647042, *2; 2009 U.S. App. LEXIS 24399, *5-6 (5th Cir. 2009).

[14]The Public Defender's briefs in *Evans* and in this case virtually mimic each other. We do not mention this in an effort to criticize, as the lawyers could not know which case the court would first resolve. Instead, we mean only to illustrate that we have already answered the precise question that Anderson

prisoner's contentions wanting; reviewed for plain error; and found none. Anderson presents the same case:

> The mandatory nature of § 1B1.10 was an issue that [Anderson] could have anticipated. . . . [He] could have mentioned separation of powers in his § 3582(c)(2) motion brief, but, for whatever reason, he chose not to. And because he did not present it to the district court, we review it for plain error. . . . Given the lack of precedent suggesting a separation-of-powers problem with . . . § 1B1.10, the alleged error was not obvious . . . .[15]

### III.

AFFIRMED.

-----

raises.

[15]*See United States v. Evans*, 2009 WL 3647042, *2-3; 2009 U.S. App. LEXIS 24399, *7-8 (5th Cir. 2009) (internal citations and quotation marks omitted).