# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-10596
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY SEBASTION ROHDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-46-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Henry Sebastion Rohden, federal prisoner # 30522-177, pleaded guilty to possession with intent to distribute cocaine base; he was sentenced as a career offender under the Sentencing Guidelines to 235 months of imprisonment. Rohden now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). To obtain leave to proceed IFP on appeal, Rohden must show that he is a pauper and that he will present a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue for appeal. *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982).

Rohden's § 3582(c)(2) motion challenges his sentencing as a career offender. A § 3582(c)(2) motion may not be used to challenge a district court's application of a career offender enhancement in its calculation of an original sentence. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). To the extent that Rohden is relying on recent amendments to the Sentencing Guidelines for cocaine base offenses, we have held that these amendments "do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, __ F.3d __, 2009 WL 4895261, *2 (5th Cir. Dec. 21, 2009).

As Rohden has not shown that he will present a nonfrivolous issue for appeal, his request for leave to proceed IFP is DENIED. *See Carson,* 689 F.2d at 586. Because his appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.