# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

Lyle W. Cayce
Clerk

No. 08-41267
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-166-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Douglas Johnson, federal prisoner # 09173-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based Amendment 706 to the cocaine base (crack cocaine) Sentencing Guidelines. Johnson pleaded guilty to possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), but he was sentenced as a career offender under U.S.S.G. § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court has the discretion to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

Johnson asserts that, although he was designated as a career offender, the district court downwardly departed so that he was "ultimately" sentenced based on the crack cocaine guidelines and, thus, he is eligible for a § 3582(c)(2) reduction. This assertion is wholly unsupported by the record. The district court did not downwardly depart to a sentence within the crack cocaine guidelines range, and there is no indication in the record that the district court based its departure sentence on this otherwise applicable range.

Although the district court departed from the career offender guidelines range, Johnson's guidelines range was derived from his career offender status and not from the quantity of crack cocaine involved in the offense. Accordingly, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Thus, he was ineligible for a § 3582(c)(2) sentence reduction. *See Anderson*, 591 F.3d at 791. The district court did not err or otherwise abuse its discretion in denying Johnson's motion for a sentence reduction. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

To the extent Johnson argues that the application of U.S.S.G. § 1B1.10 is not mandatory, this argument is foreclosed. *See id.* at 238. Because the district court simply denied the motion and did not consider any sentence reduction, we do not address Johnson's arguments that the district court erred in not considering the full panoply of the 18 U.S.C. § 3553(a) factors in determining his

new, reduced sentence in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and *United States v. Booker*, 543 U.S. 220 (2005).

AFFIRMED.