# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

No. 09-40193
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH WAYNE MALLORY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-106-24

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Mallory, federal prisoner # 11482-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. The Government moves for summary affirmance, arguing that Mallory was ineligible for relief under § 3582(c)(2) because he was sentenced not under the crack cocaine Guideline but as a career offender, pursuant to U.S.S.G. § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Mallory's guidelines imprisonment range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009). Mallory argues that, in light of *United States v. Booker,* 543 U.S. 220 (2005), the district court should have the authority pursuant to § 3582(c)(2) to reduce his term of imprisonment notwithstanding his status as a career offender. This argument is foreclosed by *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Mallory concedes that his argument is foreclosed by *Doublin* but seeks to preserve the argument for possible Supreme Court review.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.