# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2010

Lyle W. Cayce
Clerk

No. 09-40172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAMIEN DESHONG COUNCIL,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-6-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Damien Deshong Council was convicted by a jury of possession of a controlled substance with intent to distribute (cocaine base or "crack") (count one), felon in possession of a firearm (count two), and using, carrying, or possessing a firearm during and in relation to a drug trafficking crime (count three). The district court initially sentenced Council to a 420-month term of imprisonment, but this court remanded for resentencing in the light of *United States v. Booker*, 543 U.S. 220 (2005). At resentencing, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court imposed a 137-month term of imprisonment, representing a significant downward variance from the sentencing guidelines range of 360 months to life imprisonment set forth in the presentence report, which the district court adopted.

Council filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to U.S.S.G. § 2D1.1(c). In denying the motion, the district court noted that Council was "found to be a career offender, which resulted in a guideline range of 360 months to life," and that although Council's "base offense level was reduced, his total offense level and guideline range remain the same."

The court has the discretion to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). That is, § 3582(c)(2) permits the discretionary modification of a defendant's sentence where the defendant's sentencing range is actually lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). The crack cocaine guideline amendments do not apply to defendants sentenced as a career offenders because they were not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

Council argues that he was not sentenced as a career offender at resentencing and was, therefore, eligible for a reduced sentence under § 3582(c). Although the district court imposed a downward variance, the record reflects that Council's guidelines sentencing range was derived from his career offender status and not from the quantity of crack cocaine involved in the offense. Accordingly, he was not sentenced "based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." § 3582(c)(2). He is ineligible for a § 3582(c)(2) sentence reduction. *See Anderson*, 591 F.3d at 791. The district court did not err or otherwise abuse its discretion in denying Council's motion for a sentence reduction. *See Doublin*, 572 F.3d at 237.

To the extent Council argues that the application of U.S.S.G. § 1B1.10 is not mandatory, this argument is foreclosed. *See id.* at 238. Because the district court simply denied the motion and did not consider any sentence reduction, we do not address Council's arguments that the district court erred in not considering the full panoply of the 18 U.S.C. § 3553(a) factors in determining his new, reduced sentence in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Booker*.

AFFIRMED.