# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2010

Lyle W. Cayce
Clerk

No. 10-40040
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE HARRY DAVIS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-6-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

George Harry Davis, Jr., federal prisoner # 08260-078, pleaded guilty to possession with intent to distribute cocaine base (crack cocaine) within 1000 feet of a public school, in violation of 21 U.S.C. § 841(a)(1) and § 860 and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 151 months in prison. Davis appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based Amendment 706 to the crack cocaine Sentencing Guidelines. Davis moves for appointed counsel in connection with his appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for leave to proceed in forma pauperis, and for sanctions against the Government.

The district court is authorized to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

Davis argues that, although he was designated a career offender, the district court downwardly departed so that he was "ultimately" sentenced based on the crack cocaine guidelines and, thus, he is eligible for a § 3582(c)(2) reduction. Davis's argument is unsupported by the record, which reflects that the district court adopted the calculations in the presentence report, including the career offender calculations, and that the district court's downward departure was based on its finding that Davis's criminal history category of VI, which applied regardless of the career offender enhancement, overrepresented the seriousness of Davis's criminal history. Thus, there is no indication in the record that the district court based its departure sentence on the crack cocaine guidelines. The record further reflects that the district court did not downwardly depart to a sentence within the crack cocaine guidelines range.

Thus, although the district court departed from the career offender guidelines range, Davis's sentence was based on his career offender status and not the amount of crack cocaine involved in the offense. Accordingly, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Consequently, he was ineligible for a § 3582(c)(2) sentence reduction. *See Anderson*, 591 F.3d at 791. The district court did not err or otherwise abuse its discretion in denying Davis's motion for

a sentence reduction. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary. Davis's motions to appoint counsel, for leave to proceed in forma pauperis on appeal, and for sanctions are DENIED.