# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2010

Lyle W. Cayce
Clerk

No. 09-10345
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MUNDRALL MARIO LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-13-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Mundrall Mario Lewis, federal prisoner # 27450-077, pleaded guilty to possession with the intent to distribute crack cocaine. Lewis filed a pro se motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) in which he sought a modification of his sentence due to a retroactive amendment to the Sentencing Guidelines for crack cocaine offenses. Lewis appeals the district court's denial of his motion. The Government has filed a motion for dismissal or summary affirmance or, alternatively, for an extension of time within which to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10345

file a brief. The district court's denial of Lewis's motion is reviewed for an abuse of discretion. *See United States v. Anderson*, 591 F.3d 789, 790-91 & n.6 (5th Cir. 2009).

Lewis's guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *Anderson*, 591 F.3d at 791. Accordingly, the district court did not abuse its discretion in concluding that a reduction was not permitted under § 3582(c)(2). *See id.* Lewis's argument that the district court had the discretion to reduce his sentence in light of *Booker*, also is unavailing. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Anderson*, 591 F.3d at 791.

Lewis also argues that he had a right to counsel in the district court. In *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), this court held that a § 3582(c)(2) movant had no right to the appointment of counsel in the district court. This court recently reaffirmed *Whitebird*'s reasoning. *See United States v. Hereford*, No. 08-10452, 2010 WL 2728780 (5th Cir. July 12, 2010). Further, because Lewis was not eligible for relief under § 3582(c)(2) due to his career offender status, the proceedings in the district court did not involve the potential for resentencing. Thus, appointment of counsel was not warranted under the interests of justice. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel in the interests of justice due to complexity of § 3582(c)(2) motion).

Lewis has not shown error in either the denial of his § 3582(c)(2) motion or the denial of his request for counsel in the district court. Accordingly, the Government's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. The Government's alternative motion ise DENIED as unnecessary.