# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2010

Lyle W. Cayce
Clerk

No. 09-10269
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ARNOLD RAY JONES,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-30-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arnold Ray Jones, federal prisoner # 60927-080, filed an 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence based on the retroactive amendments to the crack cocaine Sentencing Guidelines. *See* U.S.S.G., Supp. to App'x C, amend. 706, at 226-31 (2009); U.S.S.G. Supp. to App'x C, Amend. 713, at 253 (2009). The district court found that Jones was not eligible for a reduction because he had been sentenced as a career offender.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10269

On appeal, Jones argues that he was entitled to the two-level reduction under the guidelines amendments because he received a three-level "departure" for acceptance of responsibility at his original sentencing and the rule of lenity requires that U.S.S.G. § 1B1.10 be read in his favor to permit him to receive a sentencing reduction. Jones further argues that the exclusion of career offenders from application of Amendment 706 violates his constitutional due process and equal protection rights. Jones seeks appointment of counsel on appeal. The Government moves for summary affirmance or, in the alternative, an extension of time in which to file a brief on appeal.

A crack cocaine defendant who was sentenced as a career offender is not entitled to a reduction under § 3582(c)(2) and Amendment 706. *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009) (per curiam). Because the district court correctly concluded that Jones is ineligible for relief under the crack cocaine guidelines amendments, we decline to exercise our discretion to appoint counsel for Jones on appeal. *See United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time in which to file a brief is DENIED, Jones's motion for appointment of counsel is DENIED, and the decision of the district court is AFFIRMED.