# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 08-50673
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY LEWIS DEDRICK,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas, Midland Division
USDC No. 7:02-CR-113-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jerry Lewis Dedrick, federal prisoner # 27140-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under the recent crack cocaine amendments. Dedrick argues that the district court erred in sentencing him as a career offender because his prior convictions are not controlled substance offenses under U.S.S.G. §§ 4B1.1 and 4B1.2. He also asserts that the district court failed to consider the 18 U.S.C. § 3553(a) factors, erred in denying a two-level decrease for his minor role in the offense, and erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50673

in enhancing his sentence based on facts that were not found by a jury beyond a reasonable doubt. He maintains that because the district court erred in sentencing him as a career offender, he is entitled to a sentence reduction based on the recent crack cocaine amendments.

The district court did not err in denying Dedrick's § 3582(c)(2) motion. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Therefore, the district court did not abuse its discretion in denying Dedrick's motion for a sentence reduction under § 3582(c)(2) because he "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Id*. (internal quotation marks and citation omitted). Moreover, Dedrick's arguments challenging his original sentencing are not cognizable in a § 3582(c)(2) motion as such a motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). To the extent that Dedrick argues that the Guidelines were only advisory in the § 3582(c)(2) proceeding, *United States v. Booker*, 543 U.S. 220 (2005), does not apply to a § 3582(c)(2) proceeding. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010). In addition, given that Dedrick was sentenced as a career offender, the district court did not err in declining to conduct a § 3582(c)(2) hearing or in refusing to appoint counsel for Dedrick.

Simply put, Dedrick is not eligible for any sentence reduction under § 3582(c)(2). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED. Dedrick's motion for appointment of counsel on appeal is DENIED.