# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2011

Lyle W. Cayce
Clerk

No. 11-50012
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAY CALVIN GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-71-2

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Jay Calvin Garcia, federal prisoner # 28875-180, appeals the denial of his motion under 18 U.S.C. §3582(c)(2) for a sentence reduction based on amendments to the Sentencing Guidelines concerning offenses involving cocaine base.

Garcia pleaded guilty to conspiracy to possess, with intent to distribute, more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

846.   The district court departed downward from Garcia's career-offender sentencing range and sentenced him to 292-months' imprisonment.

Denial of a motion for sentence reduction is reviewed for abuse of discretion. *E.g.*, *United States v. Anderson*, 591 F.3d 789, 790 (5th Cir. 2009). "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *Id.* at 791.   Nevertheless, Garcia maintains:  although he was designated a career offender, that the sentencing court departed downward indicates he was sentenced based on the crack-cocaine Guidelines and is therefore eligible for a § 3582(c)(2) reduction.

To the contrary, the district court denied relief based on its finding that Garcia's sentence was based on his career-offender status, rather than the amount of crack cocaine involved in the offense.  Therefore, the record does not support Garcia's contention that his sentence was based on the crack-cocaine Guidelines.  Consequently, the district court did not abuse its discretion in denying a § 3582(c)(2) reduction.

AFFIRMED.