# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2012

No. 12-10043
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY SEBASTION ROHDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-46-1

Before JONES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Henry Sebastion Rohden, federal prisoner # 30522-177, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Rohden argues that the district court failed to consider evidence showing that the PSR mischaracterized his prior state convictions as crimes of violence and mistakenly applied the career offender enhancement. We review the district court's decision whether to reduce a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Because Rohden's sentence was based on the career offender guideline, U.S.S.G. § 4B1.1, any offense level reductions resulting from the recent amendments to § 2D1.1 would have no impact on his total offense level or the applicable guidelines range. Therefore, § 3582(c)(2) does not authorize a reduction in Rohden's sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Anderson*, 591 F.3d 789, 790-91 & n.9 (5th Cir. 2009). The district court did not abuse its discretion in denying his § 3582(c)(2) motion. Rohden's argument that he has evidence showing that he should not have been deemed a career offender fails, as a § 3582(c)(2) proceeding may not be used to challenge the calculation of the original sentence. *See Evans*, 587 F.3d at 674.

Rohden has filed at least two other unsuccessful motions to reduce his sentence that purported to be based on amendments to the Sentencing Guidelines. Although the instant motion cites a different amendment, he again raises challenges to his original sentencing proceeding that are not cognizable in a § 3582(c)(2) motion. Given Rohden's repeated efforts to raise the same challenge to his sentence, he is warned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

AFFIRMED; SANCTION WARNING ISSUED.