**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2012

Lyle W. Cayce
Clerk

No. 12-30470
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH BUNN, also known as JoJo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-152-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After pleading guilty in 2007 to distribution of cocaine base, Joseph Bunn, federal prisoner # 29800-034, was sentenced as a career offender under the Sentencing Guidelines to 262 months of imprisonment. Bunn now moves for leave to proceed in forma pauperis (IFP) on appeal following the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). By so moving, Bunn challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Bunn challenges the district court's determination that he was ineligible for relief under § 3582(c)(2) because his sentence ultimately rested on the career offender provision of U.S.S.G. § 4B1.1 rather than § 2D1.1. He also argues that although the courts ordinarily have denied § 3582(c)(2) relief for career offenders, some courts have granted such relief in cases where the original sentence represented a departure or variance from the guidelines range.

"The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *see also United States v. Webb*, 425 F. App'x 406, 407 (5th Cir. 2011) (relying on *Anderson* to affirm the denial of a § 3582(c)(2) motion under Amendment 750 where the appellant was sentenced as a career offender). Moreover, the district court imposed a sentence within the guidelines range; it did not depart or vary from that range. Accordingly, Bunn's reliance on the nonbinding cases from other courts is misplaced.

Bunn has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. See *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.