# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2013

Lyle W. Cayce
Clerk

No. 12-30771
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

MARCUS DARON PENNYWELL, also known as Marcus D Pennywell,

                    Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CR-10021-1

---

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marcus Daron Pennywell, federal prisoner # 12382-035, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's retroactive amendments to the crack cocaine guidelines. Pennywell pleaded guilty in 2004 to possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 924(c)(1) (Count Two); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possession of a firearm while being subject to a protective order in violation of 18 U.S.C. § 922(g)(8) (Count Four). He was sentenced as a career offender to concurrent terms of 216 months of imprisonment on Count One and 120 months of imprisonment on Counts Three and Four, and a consecutive term of 60 months of imprisonment on Count Two.

Pennywell contends that he was eligible for a sentence reduction under § 3582(c)(2) because his non-guidelines sentence on Count One was not based on the Career Offender Guideline. The Government has filed a motion for summary affirmance or, in the alternative, for an extension of time in which to file a brief on the merits.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (per curiam); *see* U.S.S.G. § 1B1.10(a)(1) (2011). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Contrary to Pennywell's contention, his sentence was both based on the Career Offender Guideline and within the applicable guidelines range. Pursuant to U.S.S.G. § 4B1.1(c) (2004), the district court concluded that Pennywell was subject to a guidelines range of 262 to 327 months of imprisonment. In accordance with § 5G1.2(e) (2004), the district court apportioned the total punishment among the four counts of conviction. Thus, although the 216-month sentence imposed on Count One fell below the applicable guidelines range, the total punishment of 276 months of imprisonment was well within that range. Because Pennywell was sentenced as a career offender, the district court did not

abuse its discretion in determining that he was not eligible for a sentence reduction under § 3582(c)(2). *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam).  Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.  Pennywell's motion for an evidentiary hearing is also DENIED.