# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2013

No. 12-10237
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVARY TREYMAYNE TRIGG,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-12-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Javary Treymayne Trigg, federal prisoner # 33637-177, filed a § 18 U.S.C. 3582(c)(2) motion for reduction of sentence based on the retroactive amendments to the crack cocaine Sentencing Guidelines. The district court found that Trigg was not eligible for a reduction because he had been sentenced pursuant to U.S.S.G. § 2K2.1 rather than U.S.S.G. § 2D1.1.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the applicable sentencing range is later lowered by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Commission. *See* § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Because the district court's denial of Trigg's motion was based on its determination that Trigg was not eligible for a reduction, review is de novo. *See Doublin,* 572 F.3d at 237.

Trigg was convicted of being a felon in possession of a firearm (count one), possessing cocaine base with intent to distribute (count two), and possessing a firearm in furtherance of a drug trafficking crime (count three). The district court grouped counts one and two together pursuant to U.S.S.G. § 3D1.2(c). The guideline provision applicable to count one, § 2K2.1(a)(4)(A), rather than the guideline provision applicable to count two, § 2D1.1(c)(10), produced the highest offense level. *See* U.S.S.G. § 3D1.3(a). The district court therefore relied soley on §2K2.1(a)(4)(A) to determine Trigg's advisory guidelines range of imprisonment for counts one and two. Accordingly, Trigg "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *United States v. Anderson*, 591 F.3d 789, 791 & n.8 (5th Cir. 2009) (internal quotation marks and citation omitted). The district court was correct in concluding that Trigg was not eligible for a reduction under § 3582(c)(2). *See id.* at 790-91.

AFFIRMED.