# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2013

Lyle W. Cayce
Clerk

No. 12-10508
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

ORCENES MASON,

                              Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-157-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Orcenes Mason, federal prisoner # 27075-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Mason pleaded guilty to possession with intent to distribute more than five grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2001) and was sentenced to 225 months of imprisonment and five years of supervised release. He contends that he is eligible for a sentence reduction under Amendment 750, which implemented the Fair Sentencing Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 2010 (FSA) and revised the Guidelines applicable to offenses involving cocaine base.

We review the district court's resolution of a § 3582(c)(2) motion for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009). Section 3582(c)(2) permits the modification of a defendant's sentence where his guidelines range has been subsequently lowered by the Sentencing Commission. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A).

Effective August 3, 2010, the FSA amended relevant statutory provisions by, inter alia, increasing the drug quantities required to trigger statutory minimum sentences for offenses involving cocaine base. FSA, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010). In Amendment 750, the Sentencing Commission amended the base offense levels for cocaine base in the Guidelines's drug quantity tables to conform to the FSA. U.S. SENTENCING GUIDELINES MANUAL app. C., vol. III, amend. 750, pt. C, pp. 392-94. Mason's guidelines range was not based on the quantity of cocaine base pursuant to the Guidelines's drug tables; the guidelines range was based on his status as a career offender. Accordingly, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Anderson,* 591 F.3d 789, 791 (5th Cir. 2009). To the extent that Mason also argues that the FSA should be applied retroactively to him, the FSA is not retroactively applicable because Mason was sentenced in 2002 before the FSA's effective date. *See Dorsey v. United States,* 132 S. Ct. 2321, 2335-36 (2012); *United States v. Doggins,* 633 F.3d 379, 384 (5th Cir. 2011). The district court did not abuse its discretion by denying Mason's § 3582(c)(2) motion.

The district court's judgment is AFFIRMED. Mason's motions for appointment of counsel and preparation of transcripts at Government expense are DENIED.