# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60271
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES ALLEN MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CR-74-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Allen Morris, federal prisoner # 11614-042, seeks leave to proceed in forma pauperis (IFP) on appeal. He challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motions. Morris argues that he was not sentenced as a career offender, but rather his sentence was determined based upon the quantity of crack cocaine that was involved in his offense. He therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that amendments to the Sentencing Guidelines that govern crack cocaine offenses should apply in his case and his sentence should be reduced.

By moving to proceed IFP, Morris is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id*. (internal quotation marks and citation omitted). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Morris's assertion that he was not sentenced as a career offender is incorrect. The calculations in the presentence report, which the district court adopted at sentencing, reflect that Morris qualified as a career offender and that his offense level was derived from the career offender guidelines. "The crack cocaine guidelines amendments do not apply to prisoners sentenced as career offenders." *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Thus, the district court did not abuse its discretion by denying § 3582(c)(2) relief. *See Evans*, 587 F.3d at 672.

As Morris has failed to demonstrate that his appeal involves legal points that are not frivolous, his IFP motion is DENIED. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED. *Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.