# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO ANGUIANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-371-1

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Santiago Anguiano, federal prisoner # 43457-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Anguiano is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50735

into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States,* 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10. *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

The district court properly concluded that Anguiano was ineligible for a reduction because he was sentenced under U.S.S.G. § 4B1.1 as a career offender. *See United States v. Anderson,* 591 F.3d 789, 790-91 (5th Cir. 2009); § 3582(c)(2). Anguiano's arguments that he was not sentenced as a career offender are meritless. To the extent he raises arguments challenging alleged defects in his original sentencing, these are not cognizable in the instant proceeding. *See Dillon,* 560 U.S. at 831. As Anguiano was not sentenced under a Guideline lowered by Amendment 782, the district court did not abuse its discretion when it denied his motion. *See Anderson,* 591 F.3d at 791.

Thus, Anguiano has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

2