IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-10897
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff - Appellee

v.

AARON GARCIA MORALES,

       Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-84-12

_____

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

     Aaron Garcia Morales, federal prisoner # 24655-077, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendments 750 and 782 to the Sentencing Guidelines. By moving to proceed IFP, Morales is challenging the district court's certification that his appeal was not taken in

---

     *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent excerpt under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. Dillon v. United States, 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10. Id. If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. Id. at 827.

The district court properly concluded that Morales was ineligible for a reduction because he was sentenced under U.S.S.G. § 4B1.1 as a career offender. See United States v. Anderson, 591 F.3d 789, 790-91 (5th Cir. 2009); § 3582(c)(2). As Morales was not sentenced under a Guideline lowered by Amendment 750 or 782, the district court did not abuse its discretion when it denied his motion. See Anderson, 591 F.3d at 791.

Thus, Morales has failed to show that he will raise a nonfrivolous issue on appeal. See Howard, 707 F.2d at 220. Accordingly, his IFP motion and all outstanding motions are DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.