# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-30346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SHORT, also known as Nate,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-232-1

———————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Short, federal prisoner # 22355-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendments 591 and 607. He contends that the district court erroneously determined that Amendment 591 did not apply because he was not convicted of an offense referenced in U.S.S.G. § 2D1.2. In addition, Short asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30346

the district court did not follow the correct procedure in calculating his original advisory guidelines range.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Amendments 591 and 607 did not have the effect of lowering Short's guidelines range. Therefore, Short was not eligible for a sentence reduction under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Wilson*, 267 F. App'x 317, 318 (5th Cir. 2008). Further, Short's claims regarding the validity of his original sentence are not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). The district court did not abuse its discretion in denying Short's motion. *See Dillon*, 560 U.S. at 826-27.

AFFIRMED.