# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50539
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY GARCIA-ESPARZA, also known as Gira,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-425-5

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Johnny Garcia-Esparza, federal prisoner # 43813-080, pleaded guilty to various drug, firearm, money laundering, and conspiracy offenses. The presentence report calculated a guidelines range of 360 months to life with a statutory minimum of 420 months, and the district court sentenced him to 720 months of imprisonment. Garcia-Esparza later filed a motion to reduce his sentence in light of Amendment 782 to the Sentencing Guidelines, which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactively decreased base offense levels for possession of various quantities of narcotics. *See* 18 U.S.C. § 3582(c)(2). The district court determined that Garcia-Esparza was ineligible for a § 3582(c)(2) reduction because his guidelines range was based on his status as a career offender, not drug quantity. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

Garcia-Esparza contends that the district court erred in finding that his sentence was based on the career offender guideline, thus making him ineligible for a reduction under § 3582(c)(2). He further argues that the career offender enhancement, among others, was wrongly applied to his sentence initially. The Government moves for summary affirmance or, alternatively, an extension of time to file a brief.

Although the presentence report (PSR) determined Garcia-Esparza's offense level of 43 based on drug quantity, which would have resulted in a term of life, the PSR also applied the career offender guideline, U.S.S.G. § 4B1.1(b), (c)(3), to determine that the guidelines range was 360 months to life, increased to 420 months to life with a mandatory consecutive 60-month sentence. That is the range that the district court adopted. Further, applying Amendment 782 to retroactively reduce his drug offense level from 43 to 41 also results in a guidelines range of 420 months to life after application of the 60-month consecutive sentence. *See* U.S.S.G. Ch. 5, Pt. A; U.S.S.G. § 1B1.10(b)(1), p.s.; § 2K2.4(b). Consequently, the amendment does not have the effect of lowering Garcia-Esparza's guidelines range. *See* U.S.S.G. § 1B1.10, p.s. The district court did not abuse its discretion in denying § 3582(c)(2) relief. *See United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995). To the extent Garcia-Esparza alleges errors in the initial calculation of his guidelines range, he may not do so under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

No. 16-50539

Although Garcia-Esparza's position is without merit, summary affirmance is not appropriate given the inconsistencies in the record regarding how Garcia-Esparza's range was determined. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). However, further briefing is not required.

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED, and its alternative motion for an extension of time to file a brief is DENIED as unnecessary.