# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2010

No. 09-40316
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GASTON CHARLES, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:99-CR-6-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gaston Charles, Jr., federal prisoner # 62298-079, was convicted in 2000
of two counts of possession with intent to distribute cocaine base in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of possession with intent to distribute five or more grams of cocaine base in violation of § 841(a)(1) and (b)(1)(B). He appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the sentencing guidelines governing crack cocaine.

Although Charles acknowledges that his guideline range was ultimately determined pursuant to the career offender enhancement under U.S.S.G. § 4B1.1, he contends that the district court erred in deciding that he was ineligible for relief under § 3582(c)(2). He also argues that the district court otherwise had the authority to resentence him in light of the advisory guideline system in effect following *United States v. Booker*, 543 U.S. 220 (2005); the discretion in sentencing afforded to the district court under *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007); and the district court's authority to grant a downward departure under the guidelines. Charles contends that he was also entitled to reconsideration of the § 3553(a) factors under the advisory guideline system and that the district court abused its discretion by failing adequately to consider the § 3553(a) factors or to state for the record its reasons for not considering them.

The denial of the § 3582(c)(2) motion is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Charles's guideline range was not derived from the quantity of crack cocaine involved in his offenses, but rather from his career offender status under § 4B1.1. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Accordingly, the district court did not abuse its discretion in concluding that a reduction was not permitted under § 3582(c)(2). *See id.* Because Charles was not eligible for a reduction under § 3582(c)(2), the court was not required to reach the question whether the § 3553(a) factors warranted a reduction. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).

No. 09-40316

Regarding Charles's contention that the district court otherwise had the discretion to resentence him to a lesser sentence, § 3582(c)(2) proceedings are not full resentencings. *Dillon*, 130 S. Ct. at 2690-94. The principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce the sentence any further than the reduction allowed under § 1B1.10. *Id.*; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Charles's arguments are unavailing.

The judgment is AFFIRMED.