# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

Lyle W. Cayce
Clerk

No. 09-20323
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARON VERADELL PINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-208-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Baron Veradell Pinson, federal prisoner # 75029-079, is serving a 360-month term of imprisonment for conspiring to possess with the intent to distribute cocaine base and possessing with the intent to distribute cocaine base. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline for crack cocaine offenses. He also appeals the denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his motion for the appointment of appellate counsel. He requests the appointment of counsel in this court.

At Pinson's original sentencing, the district court found he was a career offender. However, Pinson was sentenced under § 2D1.1 because his career offender offense level of 37 did not exceed the adjusted offense level of 38 that resulted from the quantity of drugs involved in the offense. Under amended § 2D1.1, Pinson's total offense level is 36, but his status as a career offender mandates an offense level of 37. U.S.S.G. § 4B1.1(b). With a criminal history category of VI, his sentencing range remains unchanged at 360 months to life imprisonment. If application of an amendment reduces a defendant's base offense level but does not alter the sentencing guideline range on which his sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. § 1B1.10(a)(2)(B), p.s. The district court did not err in denying Pinson's motion. § 1B1.10(a), p.s.; *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009).

Pinson's argument that *United States v. Booker*, 543 U.S. 220 (2005), made application of § 1B1.10 advisory is foreclosed. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Pinson has provided no support for his argument that the district court erred by denying his motion without requiring the Government to respond and without ordering a new presentence report. Pinson's challenges to the district court's original sentencing decisions are not cognizable in his § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010-1011 (5th Cir. 1995).

Finally, the district court did not err in denying Pinson's motion for the appointment of appellate counsel. This court has previously held that there is no right to counsel at a § 3582(c)(2) proceeding. *Id.* at 1010-11. However, more recently, this court has suggested that "[t]he question . . . of whether a § 3582(c)(2) motion triggers either a statutory or constitutional right to an attorney—in either this court or the district court—is a different question now

2

than it was before the [2008] amendments to U.S.S.G. § 1B1.10(b)," because those amendments allow district courts to exercise discretion in a § 3582(c)(2) proceeding, whereas previously they had no discretion. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).[1]   Nonetheless, in this case, because Pinson is simply ineligible for a sentence reduction under § 3582(c)(2), the district court did not have any discretion to reduce his sentence. Accordingly, we conclude that under *Whitebird*, Pinson was not entitled to counsel.

The judgment of the district court is AFFIRMED.  Pinson's motion for the appointment of appellate counsel is DENIED.

---

[1] U.S.S.G. § 1B1.10(b) lays out the sentencing procedure to be followed in § 3582(c)(2) hearings.  The changes noted in *Robinson* are at U.S.S.G. § 1B1.10 cmt. n.1(B), which allows district courts to exercise discretion in determining "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original imprisonment."  *Robinson*, 542 F.3d at 1052 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) and (iii)).