# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2011

No. 08-11108
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY PERKINS, JR., also known as Lil Roy,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-8

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy Perkins, Jr., federal prisoner # 25970-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Perkins moves for appointment of counsel on appeal and to file a supplemental brief. The Government moves for summary affirmance.

Relying on *United States v. Booker*, 543 U.S. 220 (2005), Perkins argues that *Booker* is applicable to § 3582(c) proceedings and that the Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

governing § 3582(c) proceedings are advisory, not mandatory. These issues are foreclosed. *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010); *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Perkins further argues that the district court abused its discretion in denying his motion to reduce his sentence due to his career offender status because his sentence was "based on" the cocaine base guidelines. This issue is foreclosed. *United States v. Anderson*, 591 F.3d 789, 790 (5th Cir. 2009).

In a related issue, Perkins argues that the district court clearly erred by finding that he was a career offender. He contends that he was not a career offender because one of the two prior controlled substance offenses used to determine his career offender status was a conviction for simple possession and was not a controlled substance offense. Perkins may not use his § 3582(c)(2) motion to challenge the district court's application of the career offender enhancement in its calculation of his original sentence by arguing that the prior state conviction used to impose the career offender enhancement was not a "controlled substance offense" under § 4B1.1. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also Doublin*, 572 F.3d at 238.

Perkins also argues that the district court abused its discretion by not fully considering the factors in 18 U.S.C. § 3553(a) and by not making other appropriate findings. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where his guidelines range has been subsequently lowered by the Sentencing Commission. § 3582(c)(2); *Doublin*, 572 F.3d at 237. In those cases, the district court may reduce the sentence after considering the applicable factors of § 3553(a) and the pertinent guideline policy statements. *Id.* Because Perkins was sentenced as a career offender, the district court did not have the discretion to consider reducing his sentence, and so the district court was not required to consider the § 3553(a) factors. The only finding required was made, that Perkins was sentenced as a career offender and not entitled to a reduction in his sentence.

No. 08-11108

Lastly, Perkins argues that he had a right to appointed counsel in the district court. He contends that the amendments to U.S.S.G. § 1B1.10(b)'s procedures governing § 3582(c) proceedings have made the proceedings more complex and so *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) should not be controlling. Recently, this court suggested that "[t]he question . . . of whether a § 3582(c)(2) motion triggers either a statutory or constitutional right to an attorney—in either this court or the district court—is a different question now than it was before the [2008] amendments to U.S.S.G. § 1B1.10(b)," because the amendments allow district courts to exercise discretion in a § 3582(c)(2) proceeding, where previously they had none. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).[1] Nonetheless, because Perkins was not even eligible for a sentence reduction under § 3582(c)(2), we conclude that the district court did not need to exercise discretion to deny his motion, and thus he was not entitled to counsel.

Accordingly, we DENY Perkins's motion for appointment of counsel on appeal because it would not serve the interests of justice. *See United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008). His motion to file a supplemental brief is also DENIED. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

[1] U.S.S.G. § 1B1.10(b) lays out the sentencing procedures to be followed in § 3582(c)(2) hearings. The changes noted in *Robinson* are at U.S.S.G. § 1B1.10 cmt. n.1(B), which allows district courts to exercise discretion in determining "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." 542 F.3d at 1052 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) and (iii)).