**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 11-30162
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIJAH SAM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60056-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elijah Sam, federal prisoner # 11593-035, was convicted in 2003 of one count of distribution of cocaine base. He now appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines governing crack cocaine.

Although Sam acknowledges that his guidelines range was determined under the career offender enhancement under U.S.S.G. § 4B1.1, he contends that the district court erred in determining that he was ineligible for relief under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2). He argues that the district court had the authority to resentence him in light of the advisory guidelines system in effect after *United States v. Booker*, 543 U.S. 220 (2005), and that he was entitled to reconsideration of his sentence in light of the 18 U.S.C. § 3553(a) sentencing factors. Sam further contends that the district court's terse explanation that his career offender classification precluded him from relief was insufficient and ignored "compelling reasons" for granting a reduction.

The district court's denial of Sam's § 3582(c)(2) motion is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Sam's guidelines range was not derived from the quantity of crack cocaine involved in his offenses, but rather from his career offender status under § 4B1.1. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Thus, the district court did not abuse its discretion in concluding that a reduction was not permitted under § 3582(c)(2). *See id.* Because Sam was ineligible for a reduction under § 3582(c)(2), the district court was not required to reach the question whether the § 3553(a) sentencing factors warranted a reduction. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).

Regarding Sam's contention that the district court otherwise had the discretion to resentence him to a lesser sentence, § 3582(c)(2) proceedings are not full resentencings. *Dillon*, 130 S. Ct. at 2690-94. The principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce the sentence any further than the reduction allowed under § 1B1.10. *Id.*; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Sam's challenge to the sufficiency of the district court's explanation for denying his § 3582(c)(2) motion also is without merit. The district court was not required to give reasons for its denial of the motion, *see Evans*, 587 F.3d at 674,

No. 11-30162

and, in any event, the court's order denying the motion specified the relevant reason for its denial, i.e., Sam was a career offender.

The judgment of the district court is AFFIRMED.