**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2012

No. 11-51259
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLIE RAY BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:01-CR-143-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charlie Ray Brown, federal prisoner # 26111-180, was convicted in 2002 of possession with intent to distribute 50 grams or more of cocaine base. Given the drug quantity involved in his offense, Brown's base offense level would have been 34; however, the district court determined that Brown was a career offender, which resulted in an offense level of 37 and placement in criminal history category VI. *See* U.S.S.G. § 4B1.1(b). Brown received a three-level reduction for acceptance of responsibility, and, as a result of his substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance, the district court downwardly departed by four levels on the Government's motion, resulting in a total offense level of 30. The district court imposed a 168-month term of imprisonment, which was at the bottom of the guideline range.

Brown now seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court also denied Brown's motion for leave to proceed IFP, certifying that his appeal was not taken in good faith.

When a district court certifies that an appeal is not taken in good faith, a prisoner may either pay the filing fee or challenge the district court's certification decision by moving for IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the prisoner's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Probable success on the merits is not required. *Id.* If the merits of the appeal are "inextricably intertwined with the certification decision," such as when the district court certifies that an appeal is not taken in good faith because the underlying claims are frivolous and have no possibility of success, we may determine both issues. *Baugh*, 117 F.3d at 202.

Brown argues that he is entitled to a reduction in his sentence pursuant to Amendment 750, a retroactive amendment that altered the Drug Quantity Table of § 2D1.1 based on the Fair Sentencing Act of 2010 (FSA). However, as discussed above, Brown's guideline range was calculated based on his career offender status rather than on the drug quantity involved in his offense. In view of the foregoing, the district court did not abuse its discretion in denying Brown's motion for a reduction in his sentence, as Amendment 750 did not have the effect of lowering the applicable guideline range. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

No. 11-51259

Because he has failed to demonstrate that his appeal from the denial of his § 3582 motion involves legal points arguable on the merits, Brown's motion for leave to proceed IFP is DENIED. *See Howard*, 707 F.2d at 220. Further, because it is apparent that an appeal would lack merit, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24.