**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2012

Lyle W. Cayce
Clerk

No. 11-51197
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALTON JEROME MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-89-1

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alton Jerome Moore, federal prisoner # 40249-080, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion. Moore was convicted of possession with intent to distribute crack cocaine and sentenced as a career offender under U.S.S.G. § 4B1.1 to 360 months of imprisonment. By moving to proceed IFP, Moore is challenging the district court's certification decision that his appeal was not taken in good faith because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Moore argues that he was entitled to a sentence reduction under Amendment 750 to the Guidelines Manual, which lowered the base offense levels in § 2D1.1 for some crack cocaine offenses in order to conform to the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372. However, Moore's guideline range of imprisonment was not derived from the quantity of crack cocaine involved in the offense but rather from his status as a career offender. Therefore, the district court correctly determined that Moore was not eligible for a sentence reduction. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-92 (5th Cir. 2009).

Although Moore contends that the holding of *United States v. Booker*, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings, we rejected the same argument in Moore's appeal of a prior § 3582(c)(2) motion. *United States v. Moore*, 399 F. App'x 912, 913 (5th Cir. 2010). Accordingly, under the law of the case doctrine, the issue may not be reexamined. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

Moore also argues that the district court violated his Sixth Amendment right to trial because the jury in his case did not make a finding that he was a career offender. To the extent that Moore's argument amounts to a claim that *Booker* governs proceedings under § 3582(c)(2), this argument is barred by the law of the case doctrine, as well. *Id.*; *see Moore*, 399 F. App'x at 913. Moreover, the claim is foreclosed by *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010), which held that correcting aspects of a sentence that were not affected by a retroactive amendment of the Guidelines, such as the application of the career offender guideline in Moore's case, are "outside the scope" of a § 3582(c)(2) proceeding.

Thus, Moore has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707

No. 11-51197

F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We deny his motion for leave appeal IFP, and we dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.