# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2012

Lyle W. Cayce
Clerk

No. 12-30195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN EUGENE CHAPPELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-30013-3

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Marvin Eugene Chappell, federal prisoner # 11775-035, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the amendments to the Guidelines that implemented the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

Pursuant to a written plea agreement, Chappell pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base. In the presentence report (PSR), the probation officer found that Chappell was responsible for the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equivalent of 13,782 kilograms of marijuana since the trafficking conduct involved both cocaine base and marijuana. *See* United States Sentencing Guidelines (USSG) § 2D1.1, cmt n.10. She determined his base offense level to be 36. The probation officer also determined that Chappell's base offense level was 37 under the career offender provision of the USSG § 4B1.1 because of Chappell's prior Texas convictions for aggravated rape and delivery of a controlled substance. Thus, the higher career offender range governed. *See id.* § 4B1.1(b). Applying a two-level reduction for acceptance of responsibility, she calculated Chappell's total offense level at 35. Based upon Chappell's total offense level of 35 and criminal history category of VI, the probation officer determined that Chappell's guidelines sentence range was 292-365 months of imprisonment and 10 years of supervised release. The district court adopted the guidelines sentence range set forth in the PSR and sentenced Chappell to 292 months of imprisonment and 10 years of supervised release.

In 2011, the district court considered whether to reduce Chappell's sentence pursuant to § 3592(c)(2) based upon the amendments to the Guidelines that implemented the Fair Sentencing Act of 2010, which reduced the base offense levels for crack cocaine offenses and made those reductions retroactive. The district court denied relief, finding that Chappell was ineligible for a sentence reduction because he was sentenced as a career offender. Chappell timely appealed.

Citing *Freeman v. United States*, 131 S. Ct. 2685 (2011), Chappell argues that he was eligible for a sentence reduction under § 3582(c)(2) even though he was sentenced as a career offender. We review the district court's ruling for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

The district court did not abuse its discretion by denying relief in this case. Our precedent holds that the guidelines amendment lowering the base offense levels for crack cocaine offenses does "not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). In

*Anderson*, the defendant was assessed a higher offense level because he was determined to be a career offender and not because he had an underlying crack cocaine offense. "Because the career offender base level exceeded the general base level, the career offender sentencing range governed." *Id.* at 790; *see also* USSG § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level . . . in this subsection shall apply.")

Two years later in *Freeman*, a four-justice plurality opined that a sentence based upon a guidelines range that was subsequently lowered makes a defendant eligible for a sentence reduction under § 3582(c)(2) even if the defendant agreed to the sentence in a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). *Freeman*, 131 S. Ct. at 2692-93. Justice Sotomayor concurred in the plurality's opinion and opined that defendants are eligible for a sentence reduction under § 3582(c)(2) if the plea agreement expressly based the sentence on a guidelines range that was subsequently lowered. *Id.* at 2695 (Sotomayor, J., concurring).

This Court's holding in *Anderson* is consistent with *Freeman*; in *Anderson*, the defendant's sentence was based on his status as a career offender, and not on the crack cocaine offense, because the career offender base level exceeded the general base level that would otherwise have applied. *See Anderson*, 591 F.3d at 790. Thus, his sentence was not "based on" his crack cocaine conviction, and it would not have changed following the Fair Sentencing Act amendments.

Likewise, Chappell was sentenced based on the career offender provision, not based on the base sentence for crack cocaine. Because the career offender provision established a base level higher than that for crack cocaine, the Fair Sentencing Act's guidelines amendments do not affect his sentence under *Freeman*.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The

Government's alternative motion for an extension of time in which to file a brief is DENIED as moot.