# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2013

Lyle W. Cayce
Clerk

No. 12-10099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD EUGENE CADE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-139

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2007, Edward Eugene Cade, federal prisoner # 33494-177, pleaded guilty to possession with intent to distribute cocaine, cocaine base, and marijuana (Count 1) and to possession of a firearm during a drug trafficking crime (Count 2). The district court determined that Cade was a career offender under the Sentencing Guidelines but varied from the guidelines range and sentenced Cade to 216 months of imprisonment on Count 1 and to 60 months on Count 2, to run consecutively to the sentence imposed on Count 1. Cade now

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

By so moving, Cade challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

To the extent Cade argues that he is eligible for a sentence reduction based on the Fair Sentencing Act's (FSA) changes to 21 U.S.C. § 841(b), his argument fails. Because Cade was sentenced before the FSA's August 3, 2010, effective date, it is not retroactively applicable to him. *See Dorsey v. United States,* 132 S. Ct. 2321, 2335-36 (2012).

The district court has discretion to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2). Cade argues that the application of U.S.S.G. § 2D1.1(c), as amended by the Sentencing Commission, would lower his total offense level from 31 to 29. However, his total offense level under the career offender guideline remains 34, and because this offense level is higher than that calculated under § 2D1.1, the career offender offense level "shall apply." U.S.S.G. § 4B1.1(b)(A). Because of the operation of the career offender guideline, any reduction under § 2D1.1(c), as amended, "does not have the effect of lowering [Cade's] applicable guideline range." U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)). Thus, he is ineligible for a sentence reduction. *See id.*; § 3582(c).

Moreover, "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson,* 591 F.3d 789, 791 (5th Cir. 2009). Cade's reliance on *Freeman v. United States*, 131 S. Ct.

2685 (2011), is misplaced as nothing in *Freeman* concerns defendants sentenced as career offenders or alters this court's holding in *Anderson*.  *See id.* at 2690-700.

Cade is clearly ineligible for § 3582(c) relief.  Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.