# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY LEE JONES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-191-1

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roy Lee Jones, federal prisoner # 39810-180, seeks our authorization to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence for possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. According to Jones, the district court abused its discretion when it determined that he was not entitled to a reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under Amendment 750 of the Sentencing Guidelines.   He challenges the district court's denial of IFP status and certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The guidelines range applicable to Jones's case was not based on the quantity of cocaine base involved in the offense; it was based on Jones's career offender status.  "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).   Accordingly, the district court did not abuse its discretion in denying Jones's motion for a sentence reduction under § 3582(c)(2).  *See id.; United States v. v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Jones demonstrates no error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal.  *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   Therefore, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.