# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN DUNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-119-2

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edwin Dunson, federal prisoner # 27487-180, was convicted following a guilty plea of conspiracy to distribute more than five grams of cocaine base (crack cocaine) and was sentenced to a 188-month term of imprisonment. He requests leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, which sought a sentence reduction pursuant to the Fair Sentencing Act of 2010 (FSA) and amendments to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines that govern crack cocaine offenses.  The district court denied Dunson's motion on the ground that the guideline amendments were not applicable to him because his base offense level was derived from his career offender status and not drug quantity.

By moving to proceed IFP, Dunson challenges the district court's certification that the appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Dunson does not dispute that he was sentenced as a career offender, but he argues that (1) the district court should have reduced his sentence to correct the unwarranted sentencing disparity between crack and powder cocaine offenses, which results in discrimination against African-Americans, (2) because the Guidelines are advisory, the district court had the discretion to reduce his sentence, (3) the district court should have considered the 18 U.S.C. § 3553(a) factors, and (4) the FSA should apply to all defendants, even those who were sentenced before the FSA's passage.

"The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders."  *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).  The principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings; a sentencing court lacks discretion to reduce a sentence further than the reduction allowed pursuant to U.S.S.G. § 1B1.10.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  A district court must consider the § 3553(a) factors and determine whether a reduction is warranted only if the court first finds that a prisoner is eligible for a sentence reduction.  *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691-92 (2010).  Because Dunson was sentenced in 2004, before the FSA's effective date of August 3, 2010, the FSA is not retroactively applicable to him.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012).

No. 13-50124

Dunson has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.