# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY FLAKES, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50111-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Flakes, Jr., federal prisoner # 13246-035, appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010 (FSA) and the United States Sentencing Commission's 2011 retroactive amendment to the crack cocaine Guidelines (Amendment 750). He argues that despite his career offender status, he was eligible for a sentence reduction under the FSA and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment 750 because his original sentencing range was primarily based on a comparison between the offense levels under U.S.S.G. § 2D1.1 and U.S.S.G. § 4B1.1. Flakes also argues that the post-*United States v. Booker*, 543 U.S. 220 (2005), advisory guidelines system should apply to § 3582(c)(2) proceedings and that the district court should be allowed to consider the greater difference between the otherwise applicable guidelines range and the career offender range.

The Government has filed motions for summary affirmance and to waive the requirement for filing an appellate brief arguing that Flakes's arguments are foreclosed by *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). In the alternative, the Government requests an extension of time in which to file a brief on the merits.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," so long as the reduction is consistent with the applicable policy statements. § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Because Flakes was sentenced as a career offender, the district court did not err in determining that he was not eligible for a sentence reduction under § 3582(c)(2). *See Anderson*, 591 F.3d at 791. Further, because Flakes was sentenced before the FSA's effective date of August 3, 2010, he remained subject to the pre-FSA statutory minimum sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Finally, *Booker* does not apply to § 3582(c)(2)

No. 14-30358

proceedings and "does not alter the mandatory character of [U.S.S.G.] § 1B1.10's limitations on sentence reductions." *Doublin*, 572 F.3d at 238. Accordingly, the Government's motions for summary affirmance and to waive the requirement for filing an appellate brief are GRANTED, its alternative motion for an extension of time in which to file a brief is DENIED, and the district court's judgment is AFFIRMED.