# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALFRED BROOKS,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-84-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfred Brooks, federal prisoner # 30337-077, pleaded guilty to being a felon in possession of a firearm, maintaining a place for the purpose of manufacturing, distributing, or using a controlled substance and aiding and abetting, and using and carrying a firearm during a drug trafficking offense and aiding and abetting. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence pursuant to Amendment 782

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the Sentencing Guidelines.  He argues that the district court abused its discretion in finding he was ineligible for a sentence reduction because the calculation of his advisory guidelines range did not involve a drug quantity. He contends that he is eligible for a sentence reduction because his conviction for maintaining a place for the purpose of manufacturing, distributing, or using a controlled substance involved drugs.  He further asserts that the district court based its decision on a clearly erroneous assessment of the evidence and did not consider the 18 U.S.C. § 3553(a) factors.

The district court correctly determined that Brooks was not eligible for a sentence reduction based on Amendment 782 because his sentence was not based on U.S.S.G. § 2D1.1(c).  Because Brooks's sentence was not based on a guidelines range that was subsequently lowered by the Sentencing Commission, he was ineligible for a § 3582(c)(2) sentence reduction based on Amendment 782.  *See United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009) (per curiam).  Therefore, Brooks has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam).

In addition, Brooks challenges the drug quantity alleged in the indictment and Presentence Report and argues that the Government breached his plea agreement by using protected information to increase his sentence. However, § 3582(c)(2) is not the appropriate vehicle to challenge purported errors in the original criminal proceeding and sentencing.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

AFFIRMED.