# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50880
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH SCOTT COLLINS, also known as Mike Kent,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-35-2

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In 2001, Kenneth Scott Collins, federal prisoner # 34236-079, was convicted by a jury of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Five). The district court sentenced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50880

Collins to concurrent terms of 480 months of imprisonment on Count One and 240 months of imprisonment on Count Five.

Collins has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. The district court denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Collins is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Collins contends that the district court erred in concluding that he was ineligible for a sentence reduction under Amendment 782 because the court's decision was based on its erroneous assessment of the Sentencing Guidelines. Specifically, he argues that the district court misapplied the Sentencing Guidelines at his original sentencing by: (1) applying the four-level aggravating role enhancement to the money laundering offense level; (2) grouping the money laundering and drug counts; and (3) using the erroneous money laundering guidelines range to sentence him on the drug count. According to Collins, had he been properly sentenced, Amendment 782 would have lowered his guidelines range.

Claims regarding the calculation and constitutionality of Collins's original sentence are not cognizable in a § 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Further, the record reflects that Collins was not sentenced based on the drug quantity table set forth in U.S.S.G. § 2D1.1(c). Thus, the district court correctly concluded that he was not eligible for a sentence reduction under Amendment 782, *see United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009), and Collins has not shown that the district

court erred in denying his § 3582(c)(2) motion, *see United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  Because he has failed to show that his appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Collins's IFP motion is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

In the alternative, Collins seeks authorization from this court to file a successive 28 U.S.C. § 2255 motion challenging his 2001 conviction.  He seeks to argue that the district court's sentencing errors and denial of his § 3582(c)(2) motion rendered his sentence unconstitutional.

Collins has failed to make a prima facie showing that his claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense[s]" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see In re Webster*, 605 F.3d 256, 257-58 (5th Cir. 2010).  Accordingly, his alternative motion for authorization to file a successive § 2255 motion is denied.

MOTIONS DENIED; APPEAL DISMISSED.