# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR LEE WHITE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-134-1

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Edgar Lee White, Jr., federal prisoner # 39604-380, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, White is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50694

Cir. 1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a).  *Id.*  If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.  We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

The district court properly concluded that White was ineligible for the reduction because he was sentenced under U.S.S.G. § 4B1.1 as a career offender.  *See United States v. Anderson*, 591 F.3d 789, 790–91 (5th Cir. 2009); § 3582(c)(2).  Thus, White's argument that the district court improperly overlooked the § 3553(a) factors is meritless.  *See Dillon*, 560 U.S. at 827.  As White was not sentenced under a Guideline lowered by Amendment 782, the district court did not abuse its discretion when it denied White's motion.  *See Anderson*, 591 F.3d at 791.  White's arguments challenging alleged defects in his original sentence are not cognizable in the instant proceeding.  *See Hernandez*, 645 F.3d at 712.

White has failed to show that he will raise a nonfrivolous issue on appeal.  *See Howard*, 707 F.2d at 220.  Accordingly, his IFP motion is DENIED.  Additionally, because this appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.  His motion for immediate release is DENIED.