# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-55-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judge.

PER CURIAM:[*]

Benjamin Harris, federal prisoner # 04549-095, seeks leave to proceed in forma pauperis (IFP) from the district court's denial of his motion to reduce the sentence he received after he was convicted of crack cocaine and firearms offenses. Harris was originally sentenced as a career offender to a total of 226 months of imprisonment. His sentence was commuted to 180 months in an Executive Grant of Clemency. By moving for leave to proceed IFP, Harris is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31048

challenging the district court's determination that he is not entitled to proceed IFP in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment'" and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The district court must first determine whether a prisoner is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

Although the district court did not state whether it first determined whether Harris was entitled to a reduction under § 1B1.10, a prisoner who was sentenced as a career offender is not eligible for a sentence reduction under § 1B1.10 because his sentence was not based on a guidelines range that was subsequently lowered by the Sentencing Commission. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); § 3582(c)(2). Further, Harris's argument that the district court had the discretion not to sentence him as a career offender but to sentence him based on the § 3553(a) factors is frivolous, as a § 3582(c)(2) motion may not be used to challenge the correctness of an original sentence. *See Dillon*, 560 U.S. at 831.

Because Harris has not demonstrated that his "appeal involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted), the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.