# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2013

No. 13-50101
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY LEWIS DEDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02-CR-113-2

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry Lewis Dedrick, federal prisoner # 27140-180, moves for leave to proceed in forma pauperis (IFP) in this appeal of the denial of his motion for reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. He argues that he is entitled to a sentence reduction under the Fair Sentencing Act, that the district court erred in relying solely on Amendments 750 and 759 of the Sentencing Guidelines, and that he was wrongly classified as a career criminal under U.S.S.G. § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in determining that Dedrick's appeal would not be in good faith as he has not identified a nonfrivolous issue for appeal. His guidelines range was not derived from the quantity of cocaine base involved in the offense, but rather from his career offender status. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Accordingly, the district court did not err in denying Dedrick's motion for reconsideration of the denial of his § 3582(c)(2) motion for a sentence reduction. *See id.*

Dedrick has shown no error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.