# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-11115
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUINCY PEARSON, also known as Baby Face, also known as Face,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-206-3

————————

Before Judges SMITH, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Quincy Pearson, federal prisoner # 42272-177, was convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base. The district court sentenced him below the guidelines range to 210 months of imprisonment. On March 10, 2016, the district court granted Pearson's motion for an 18 U.S.C. § 3582(c)(2) sentence reduction and resentenced him to a term of imprisonment of 188 months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11115

Instead of filing an appeal of the March 10, 2016, order granting relief, Pearson filed a motion seeking recalculation of his amended sentencing guidelines range, which the district court denied.  After the district court denied that motion, Pearson filed the instant "motion for modification of prison term."  The district court denied the motion and also denied Pearson leave to proceed in forma pauperis (IFP), certifying that an appeal of the denial of his motion would not be taken in good faith.

Now Pearson moves for authorization to proceed IFP in an appeal from the district court's denial of his "motion for modification of prison term."   By moving to proceed IFP, Pearson challenges the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *United States v. Dedrick*, 535 F. App'x 334, 335 (5th Cir. 2013) (applying *Baugh* in the § 3582(c)(2) context).  We must therefore determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

 The district court correctly determined that Pearson's motion was meaningless, unauthorized, and without any jurisdictional basis.  *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Consequently, this appeal does not involve "legal points arguable on their merits (and therefore not frivolous)."  *See Howard*, 707 F.2d at 220 (internal quotation marks omitted).  The appeal is DISMISSED as frivolous, and Pearson's IFP motion is DENIED.  *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

2